Hyman Abramovitz and Another, Plaintiff, v. Harry Trolman and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Third District, July 5, 1934.

*Meyer Marlow* [*George Robert Cohen* with him on the brief], for the motion.

*William Bauman* [*Leon Port* with him on the brief], opposed.

McMahon, J.   Plaintiffs are employees of one Samuel Bauman, duly registered as " contractor of the defendants " in accordance with the provisions of the Code of Fair Competition for the Dress Manufacturing Industry, approved by the President October 31, 1933, and effective November 13, 1933.   Defendants, who are engaged in the dress manufacturing business, were subject to said code and required by section 1, subdivision a, article 7, thereof to pay to the contractor such rates for garments made by the contractor as would be sufficient to enable the contractor " to pay the employees the wages and earnings provided in this Code and in addition a reasonable payment to the contractors to cover overhead."

The complaint herein alleges that " defendants have ever since the 13th day of November, 1933, when the said Code became effective under the law, violated article 7 of said Code;" that plaintiffs have at regular periods demanded the amounts of money due them by reason of the facts that " defendants have underpaid such plaintiffs in violation of the Code and the articles and sections therein contained applying to the lawful wages due the plaintiffs;" that from the period of November 13, 1933, when the said code became effective, to the period of March 1, 1934, there remains a balance due plaintiffs for wages in the sum of $857.45.

There is no allegation in the complaint that a copy of this code was ever filed in the office of the Secretary of the State of New York as provided by chapter 781 of the Laws of 1933, effective August 26, 1933, known as the State Industrial Recovery Act.

Defendants have served an answer alleging, among other defenses, that the complaint fails to state facts sufficient to constitute a cause of action, and that plaintiffs are not the proper parties to institute an action arising out of a violation of a code of fair competition under the National Industrial Recovery Act (48 U. S. Stat. at Large, 195).   Defendants now move for judgment on the pleadings pursuant to section 91 of the Municipal Court Code.

The theory of plaintiffs' action, as argued in their brief submitted in opposition to this motion, is that the said code of fair competition adopted as aforesaid constituted a contract between defendants and the President under which the plaintiffs are beneficiaries, and, therefore, entitled to sue for a violation thereof.   It is also alleged in the complaint that defendants had signed the President's Re-em-

ployment Agreement prior to the adoption of the code for the industry and used the label or insignia permitted thereby on the garments manufactured by said Bauman for defendants, but the cause of action set forth in the complaint is predicated entirely upon the alleged violation of article 7 of the code of fair competition.

Aside from the jurisdictional question of the Federal or State courts involving the matter of interstate commerce, the vital question in this case is whether, after the adoption of this code by the industry and the approval thereof by the President pursuant to the provisions of the National Industrial Recovery Act, plaintiffs as individuals have the right to bring action in any court to recover for an alleged violation of a provision of the code.

The National Industrial Recovery Act, approved June 16, 1933, provides for the adoption of codes of fair competition by the various industries which, when approved by the President, " shall be the standards of fair competition for such trade or industry." (§ 3, subd. b [U. S. Code, tit. 15, § 703, subd. b].) The act also provides (§ 3, subds. c, f [U. S. Code, tit. 15, § 703, subds. c, f]) for the enforcement of the provisions of the code by the Federal District Courts of the United States and the district attorneys in their respective districts with respect to both civil and criminal liability of violators. There is no provision in the act itself for an individual who claims to have been injured or damaged by any alleged violation to institute or prosecute action for his own benefit and recover damages therefrom. Such individual, however, is not without remedy which is provided by other agencies connected with the National Industrial Recovery program and authorized by the act to carry out its purposes. A code authority as the governing body of each industry is created, complaint bureaus, and National Recovery Administration Advisory Boards are provided, and the special compliance division as the legal enforcement unit is maintained by the government.

The code involved in the instant case provided (Art. 6, § 2, ¶ c) that " the Code Authority has been given express power and duty to administer and enforce the provisions of this Code." Also in article 6, section 1, it is stated that the " Code Authority " has been established " to further effectuate the policies of the Act."

The claim of plaintiffs in the instant case arising out of an alleged violation of the code should be made to the code authority provided for the industry and enforced by that body through the agencies provided therefor, including resort to the courts if necessary in the manner provided in the act itself. The purpose of the National Industrial Recovery Act is to provide for industrial self-government within an industry by means of its code authority and the agencies

provided by the act and regulations promulgated in connection therewith. It was not the purpose or intention of the act, nor is any right given by the act or under the code adopted herein in compliance therewith, for individuals to prosecute actions in their own names for their own benefit for alleged violations of the code by a member of the industry. Nor does any such right exist under the theory advanced by the plaintiffs herein.

The said code when adopted by the industry and approved by the President was not in the nature of a contract of which plaintiffs were beneficiaries. It is statutory in nature, an adjunct of the National Industrial Recovery Act itself. The code when approved by the President becomes the law of the industry and is binding upon all those engaged in that industry whether or not they participated in its formation or formally assented to its adoption. Its provisions are summarily imposed upon the members of a particular industry, as any statute passed by a Legislature affects all of the population.

Some confusion has existed between the rights under the codes and those under the President's Re-employment Agreements which later were authorized by section 4, subdivision a, of the National Industrial Recovery Act (U. S. Code, tit. 15, § 704, subd. a). The two are fundamentally different in conception and purpose. These agreements with the President, which many employers entered into during the summer of 1933, were wholly voluntary with the individual employer, of a temporary character, to be effective only until December 31, 1933, or with approval, at an earlier date, of a code of fair competition for the particular industry. The employer thereby agreed with the President to live up to a specified schedule as to wages, hours, and conditions of labor in his individual business. The purpose was to start immediately the recovery program pending the formation and adoption of codes under which the program would be carried on. Article 13 of the said Re-employment Agreement specifically provided that " This agreement shall cease upon approval by the President of a Code to which the undersigned is subject."

The code in the instant case was approved on October 31, 1933, and the complaint herein is predicated upon alleged violations occurring thereunder and thereafter. The cases cited in plaintiffs' brief in opposition to this motion where individuals were allowed to recover in actions against employers were cases involving these re-employment agreements which the employer had entered into with the President wherein the employee was the beneficiary, and as such entitled to sue and recover in his own name and for his own benefit. Such is not the basis of the action set forth in the com-

plaint herein which is to recover for alleged violations of the provisions of the code of fair competition. Plaintiffs are not entitled to maintain such action, and the complaint does not set forth facts sufficient to constitute a cause of action.

Defendants' motion for judgment on the pleadings is granted.